## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**ROBERT SIMMONS**                                                         **PLAINTIFF**

**v.**                              **No. 3:15-CV-00130-JTR**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                        **DEFENDANT**

### ORDER REMANDING TO THE COMMISSIONER

Robert Simmons ("Simmons") applied for supplemental security income benefits with an alleged onset date of January 1, 2012. (R. at 47). After a hearing, the administrative law judge (ALJ) denied his application. (R. at 20). The Appeals Council denied Simmons's request for review. (R. at 1). The ALJ's decision stands as the final decision of the Commissioner, and Simmons has requested judicial review.[1]

For the reasons stated below, the Commissioner's decision must be reversed and remanded.

### I.     The Commissioner's Decision

The ALJ proceeded through the five-step evaluative process, finding that Simmons had the severe impairments of status-post compression fractures of the thoracic spine, obesity, post-traumatic stress disorder, and major depressive disorder. (R. at 11). The ALJ found that Simmons retained the residual functional

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge.

capacity ("RFC") to lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk six hours in an eight-hour workday; sit six hours in an eight-hour workday; and to push and/or pull twenty pounds occasionally and ten pounds frequently. (R. at 13). Non-exertionally, the ALJ concluded that Simmons had the RFC to understand, remember, and carry out simple job instructions; make judgments in simple, work-related situations; respond appropriately to coworkers/supervisors with only incidental contact that is not necessary to perform work; respond appropriately to minor changes in the usual work routine; and have no dealings with the general public. (R. at 13).

At step 4 of the evaluative process, the ALJ found that Simmons could not perform any of his past relevant work. (R. at 18).

At step 5, the ALJ found that Simmons could perform the jobs of hand bander or production worker. (R. at 19). Consequently, the ALJ held that Simmons was not disabled. (R. at 20).

## II.    Discussion

Simmons argues that the ALJ's decision is not supported by substantial evidence on the record as a whole. Specifically, he contends that the ALJ erred in discrediting his subjective allegations of pain.

This Court must uphold the Commissioner's decision if it is not based on legal error and is supported by substantial evidence on the record as a whole. *Long*

*v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" is evidence that a reasonable mind would find sufficient to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

"[T]he ALJ may disbelieve subjective complaints if there are inconsistencies in the evidence as a whole." *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005). When determining the credibility of a claimant's subjective allegations of pain, the ALJ must examine: (1) the claimant's daily activities; (2) the duration and intensity of the pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Miller v. Sullivan*, 953 F.2d 417, 420 (8th Cir. 1992) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (1984)). The ALJ may not discount subjective complaints simply because they lack support in the medical record. *Id.* "When rejecting a claimant's complaints of pain, the ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors." *Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998). The Court will defer to an ALJ's credibility determination if it is supported by good reasons and substantial evidence. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). "[A]n ALJ may not circumvent the rule that objective evidence is not needed to support subjective complaints of pain under the guise of a credibility finding." *Penn v. Sullivan*, 896 F.2d 313, 316 (8th Cir. 1990).

3

The ALJ discussed several factors in the course of discrediting Simmons. First, the ALJ cited Simmons's activities of daily living, which included preparing simple meals, such as microwave meals or sandwiches; folding laundry, though unable to finish; watching television; and occasionally riding in a car. (R. at 36–37, 189–96). The ALJ stated that these daily activities "are not limited to the extent that one would expect given the complaints of disabling symptoms and limitations." (R. at 16).

The Eighth Circuit has held that activities far more extensive than those engaged in by Simmons do not support a finding that a claimant can engage in full-time competitive work. *Baumgarten v. Chater*, 75 F.3d 366, 369 (8th Cir. 1996). It is not necessary for Simmons to "prove that [his] pain precludes all productive activity and confines [him] to a life in front of the television." *Id.* Simmons, however, testified that his impairments do practically keep him confined to sitting and watching television. (R. at 36). These extremely limited daily activities do not exemplify the ability to do competitive work.

Second, the ALJ found that Simmons's symptoms were controlled by medication. (R. at 15). There is nothing in the record to indicate that Simmons's pain is controlled. The record indicates that pain medicine helps and that Simmons has sought refills of medication when he runs out, but this does not establish that the medication controlled the symptoms. (R. at 319, 331).

4

Third, the ALJ noted the "discrepancy" between Simmons's statement that he could prepare simple meals and his wife's report that he could only prepare a snack. (R. at 16). This semantic distinction cannot reasonably be considered a contradiction, as both indicate that Simmons can only fix meals that require little effort before they can be eaten. The ALJ also considered Simmons's wife's report that he is afraid of being alone and isolates himself to be inconsistent with Simmons's reports of being able to be alone. (R. at 16). The ALJ seems to have compared Simmons's answers to the "social activities" portion of his Function Report to the "getting around" portion of his wife's Third Party Function Report. (R. at 181, 193). However, when the correctly corresponding sections are compared, there is no contradiction. (R. at 181, 183, 192, 193). The reports indicate that Simmons needs accompaniment from his wife when he goes out of the house and that he does not socialize.

A consultative physical examination stated that Simmons could be limited in his ability to lift, carry, and walk, but the examiner did not directly observe these limitations. (R. at 249). Simmons has multiple compression fractures that have resulted in kyphosis. (R. at 226). He has also received prescriptions Hydrocodone, Oxycodone, Naproxen, Orphenadrine, and Prednisone due to back pain. (R. at 321–22). The overall medical record provides more support for Simmons's allegations of pain than the ALJ suggests.

There is some evidence supporting the ALJ's credibility determination. There is evidence that Simmons was referred to physical therapy, but the record does not show that he ever began treatment. (R. at 331). However, the evidence supporting the ALJ's credibility determination is negligible when considered alongside the otherwise largely consistent allegations. Simmons's physicians have seen fit to prescribe narcotic medication to alleviate his pain, and his daily activities are extremely limited. The evidence does not support the ALJ's credibility determination.

## III.  Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence. On remand, the ALJ is instructed to update the medical record, reevaluate Simmons's credibility, and reconsider his residual functional capacity.

It is so ordered this 1st day of August, 2016.

UNITED STATES MAGISTRATE JUDGE